-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES TOWNER, 99A4878,

             Plaintiff,

      -v-

DR. GRACEFO, Auburn C.F. M.D.,
DR. EDWARDS, Attica C.F.,
DR. EVANS, Attica C.F.
DR. JON MILLER, Coxsackie C.F.,
ATTICA CORR FAC MEDICAL DEPT, and
JAMES T. CONWAY, Supt.,

             Defendants.
_____

**DECISION and ORDER**
10-CV-6148Fe

      Plaintiff, James Towner, proceeding *pro se*, filed a packet of papers docketed as a "Declaration" (Docket No. 20). Contained in the packet of papers filed by the plaintiff are numerous individually labeled papers including, "Motion filed Pursuant to Rule 60 Relief from Judgment or Order" in which plaintiff requests review of the July 25, 2010 Order dismissing this action with prejudice (Docket No. 18).[1]

      The Court has reviewed plaintiff's motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure, which provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have

---

[1] The packet of papers filed by the plaintiff after dismissal of the case also includes documents entitled, "Declaration," "Appeal Notice," "Injunction Relief Motion for Ex Parte Hearing," "Motion for T.R.O.," "Motion filed Pursuant to Rule 38-39 of Federal Procedure Rules," "Motion filed Pursuant to Rule 44 Proof of Official Records Pursuant to Federal Procedure Rules 44/45," "Motion Rule #52 Judgment on Partial Finding," "Motion Filed Pursuant to Rule 53(Appointment)," "Motion Filed Pursuant to Rule-59 Amendment of Judgment." These motions are not being separately docketed due to the prior dismissal of the case in its initial pleadings stage and the docketing of a Notice of Appeal (Docket No. 21).

been discovered in time.[2]  Nothing in plaintiff's motion for reconsideration allows the Court to grant relief from the July 25, 2010 Order under Fed.R.Civ.P. 60(b).  Plaintiff does not demonstrate that there has been mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claim should be reopened in the interest of justice.

Accordingly, plaintiff's motion for reconsideration is hereby denied.

SO ORDERED

Dated: October 6, 2010
Buffalo, New York

        s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[2] Plaintiff filed the motion on August 11, 2010, eight days from entry of judgment on August 3, 2010 (Docket 19) and also filed a Notice of Appeal of the judgment on August 19, 2010 (Docket No. 21). The Court has jurisdiction to determine plaintiff's motion for reconsideration.  FED. R. APP. P. 4(a)(4)(A).